UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                           | )  |                          |
|-------------------------------------------|----|--------------------------|
| DAVID PREMO, ON BEHALF OF                 | )  |                          |
| HIMSELF AND ALL OTHERS                    | )  |                          |
| SIMILARLY SITUATED,                       | )  |                          |
|     Plaintiff,        | )  |                          |
|                                           | )  |                          |
| v.                                        | )  | Case No. 13-11279-TSH    |
|                                           | )  |                          |
| FAMILY DOLLAR STORES OF                   | )  |                          |
| MASSACHUSETTS, INC. AND                   | )  |                          |
| FAMILY DOLLAR STORES, INC.,               | )  |                          |
|     Defendants.       | )  |                          |

**Memorandum of Decision and Order**
**March 28, 2014**

**Hillman, D.J.**

## Background

### *Nature of the Case*

Plaintiff, on behalf of himself and all others similarly situated, has filed suit against Defendants, Family Dollar Stores of Massachusetts, Inc. ("Family Dollar MA") and Family Dollar Stores, Inc. ("Family Dollar"), alleging one count for violation of the Massachusetts Overtime Law, Mass. Gen. L. ch. 151 §1A, in Worcester County Superior Court, Massachusetts. Defendants removed the case to this court on the grounds that federal jurisdiction was proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d)(2).

### *Relevant Proceedings*

Defendants removed the action to this Court on May 28, 2013. Defendants filed their Answer on June 4, 2013. *See* Defendants' Answer and Affirmative and Additional Defenses to

Class Action Complaint (Docket No. 6) ("Answer"). In their Answer, Defendants denied that Family Dollar owns or operates 100 Family Dollar Stores in Massachusetts. *See Id.,* at ¶6.

Plaintiff then filed a motion to remand the case to state court on the grounds that the "local controversy exception" to CAFA applies, thus divesting the court jurisdiction. *See* 28 U.S.C. §1332(d)(4)(A). Defendants oppose that motion on the grounds that Plaintiff has failed to establish that the "local controversy exception" applies because the case does not satisfy the "principle injuries" requirement or the "no other class action" requirement[1]. As to the latter ground, Defendants point out that a similar action has been filed against Family Dollar in the District of Colorado in the past three years. *See Farley v. Family Dollar Stores Inc.,* 12-cv-00325-RM-MJM. (D.Col. filed Feb. 7, 2012). They argued in their opposition to the motion to remand, and at the hearing, that the filing of this suit against Family Dollar in Colorado means that Plaintiff cannot satisfy the "no other class action requirement."

At the hearing on the motion to remand, Premo's counsel indicated that Premo would likely move to amend his complaint to drop Family Dollar as a defendant given that Family Dollar denies it operates any stores in Massachusetts and therefore is not a proper party to this action. Dropping Family Dollar from the suit would, Premo argues, resolve Defendants' contention that the "no other class action" requirement has not been met. Thereafter, Plaintiff filed a motion seeking leave to amend his Complaint (*see* Docket No. 25) to drop Family Dollar from the lawsuit.

For the reasons set forth below, Plaintiff's motion to amend his complaint is allowed. Since Family Dollar is no longer a party to the suit, Plaintiff's motion to remand will also be allowed.

---

[1] A detailed discussion of the "local controversy exception" is set forth, *infra*.

## **Plaintiff's Motion To Amend His Complaint**[2]

Plaintiff's proposed Amended Complaint asserts the same legal claims against Family Dollar MA, while dropping Family Dollar from the suit. Plaintiff seeks to drop Family Dollar because Defendants have asserted that it is not a proper party to the case. Plaintiff argues that if Family Dollar is no longer a party, all of the requirements of the local controversy exception will be met and under those circumstances, the case must be remanded to State court. Defendants do not contest that Family Dollar is not a proper party. They argue, however, that whether the Court has original jurisdiction over a removed case is determined at the time of filing and therefore, dismissal of Family Dollar at this time will not require remand. If the Court determines that dismissal of Family Dollar will require remand, Defendants request that the motion to amend be denied on the grounds that Plaintiff should not be allowed to manipulate the pleadings to defeat federal jurisdiction.

Plaintiff seeks to dismiss a party which, for all intents and purposes, appears to be nothing more than a holding company that is not a proper party to the suit—Defendants do not argue to the contrary. Under the circumstances, the motion to amend the complaint to dismiss Family Dollar is allowed. *See* Fed.R.Civ.P. 15(a)(leave to amend shall be freely given when justice requires). The question now becomes, at what point in time are the parties fixed for purposes of determining whether the matter should be remanded—at the time the case was filed (as argued by Defendants), or at present, with the Family Dollar no longer a party (as argued by the Plaintiff).

---

[2] Apparently, Plaintiff did not confer with the Defendants before filing this motion—his motion does not include a Rule 7.1(a)(2) certification. This Court's Local Rules provide that "No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issues." LR, D.Mass. 7.1(A)(2). This Court requires strict compliance with Rule 7.1 and therefore, does not condone Plaintiff's failure to confer with the Defendants prior to filing his motion. Nonetheless, striking the Plaintiff's motion on this ground would serve no useful purpose. Counsel for the Plaintiff, however, are on notice with respect to any other cases they have or may have in this Court, that continued failure to comply with Rule 7.1(A) will not be tolerated.

The general rule is that in determining whether to grant a motion to remand on the grounds of alleged defect, the Court looks to the complaint as filed at the time that the case was removed:

> The rationale for determining removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal is obvious. Without such a rule, disposition of the issue would never be final, but would instead have to be revisited every time the plaintiff sought to amend the complaint … all at considerable expense and delay to the parties and the state and federal courts involved. Limiting the removal jurisdiction question to the claims in the state court complaint avoids that unacceptable result, and permits early resolution of which court has jurisdiction, so that the parties and the court can proceed with, and expeditiously conclude, the litigation.

*Cavallini v. State Farm Auto Life Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995); *see also Destiny Health, Inc. v. Connecticut Gen. Life Ins. Co.* 771 F.Supp.2d 901, 906 (D.Conn. 2010).

However, in addressing the substantially identical issue before this Court, the Third Circuit reached a contrary conclusion:

> It is true that under a long-standing rule, federal diversity jurisdiction is generally determined based on the circumstances prevailing at the time the suit was filed. This time-of-filing rule represents a policy decision 'that the sufficiency of jurisdiction should be determined once and for all at the threshold and if found to be present then should continue until final disposition of the action.' The rule serves to increase certainty and minimize repeated challenges to federal jurisdiction that might undermine efficiency.
>
> But the time-of-filing rule admits exceptions in cases where the parties change, in contrast to cases in which the circumstances attendant to those parties change. Class actions, of course, often involve more parties than traditional bipolar litigation and thus a greater likelihood that some parties will change. In fact, 28 U.S.C. § 1332(d)(7) accounts for this aspect of class actions by explicitly providing that class member citizenship may be determined even after the time-of-filing:
>
>> Citizenship of the members of the proposed plaintiff classes shall be determined for purposes of paragraphs (2) through (6) as of the date of the filing of the complaint or amended complaint, or, if the case stated by the initial pleading is not subject to Federal jurisdiction, as of the date of service by plaintiffs of an amended pleading, motion or other paper, indicating the existence of Federal jurisdiction.

> In a similar vein, *we conclude that the local controversy exception requires consideration of the defendants presently in the action*. Indeed, a key condition of the local controversy exception is the presence in the action of at least one significant local defendant. Applying the exception when no local defendant remains in the action, as could occur under the time-of-filing rule, would not comport with the exception's focus on discerning local controversies based, in part, on the presence of a significant local defendant.

*Kaufman v. Allstate New Jersey Ins. Co.,* 561 F.3d 144, 152-53 (3d Cir. 2009)[3](internal citations and citations to quoted authorities omitted)(emphasis supplied). Therefore, I will analyze the motion to remand based on the circumstances as they are now that I have allowed Plaintiff's motion to amend to dismiss Family Dollar from the suit.

## Discussion

### *Facts Relevant to Premo's Complaint*

Premo, a resident of Fitchburg, Massachusetts, was a manager at a Family Dollar Store in Leominster, Massachusetts from July of 2011 to September of 2012. During his tenure there, Premo he worked 40 plus hour work weeks – usually closer to 52 hours – and sometimes even 70-80 hours. Premo spent more than 50 hours a week doing non-managerial work such as operating a cash register, stocking shelves, and emptying the trash.

Premo and all of the other managers of Family Dollar were required by their corporate superiors to be classified as managers and thus exempt from overtime laws while performing primarily non-exempt work. Family Dollar Store instituted strict labor hour requirements which forced managers to perform non-managerial, non-exempt work on a regular basis. Premo alleges that this policy violates the Massachusetts Overtime Law.

---

[3] Neither party cited *Kaufman* to the Court. Obviously, citation to a case which, as to this issue, is seemingly directly on point, if not obligatory, certainly would have been helpful.

*Applicable Law*

In general, defendants who are sued in state court may remove to this Court any suit over which this Court has original jurisdiction. *See* 28 U.S.C. § 1441(a). CAFA provides that federal courts have original jurisdiction over class actions where the minimal amount of controversy of five million dollars is met, at least one plaintiff in the member class and one defendant are diverse, and the class has at least 100 members. *See* 28 U.S.C. § 1332(d)(2); *Manson v. GMAC Mortg.*, LLC, 602 F.Supp.2d 289, 293 (D. Mass. 2009). A plaintiff may seek to remand the case to State court within 30 days after removal for any reason other than a jurisdictional defect; if at any time before final judgment it appears that the Court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. §1447.

*Plaintiff's Motion to Remand*

The burden of proving the basis for removal is on the moving party (usually the defendant) and the burden of proving the basis for remand using one of the exceptions is on the party moving to remand (usually the plaintiff). Plaintiff does not dispute that he has alleged a class action for which the amount in controversy exceeds five million dollars and that minimal diversity is established (at least one of the plaintiff class members now lives outside of Massachusetts and one of the Defendants, Family Store MA, is a citizen of Massachusetts). Therefore, on the face of the Complaint, Defendants have established that this is a case over which the Court might have original jurisdiction.

Plaintiff seeks to remand this action on the grounds that the Court, in fact, lacks original jurisdiction because the so-called "local controversy exception" applies. More specifically, under CAFA, federal courts "shall decline to exercise jurisdiction" where the suit fits within the "local controversy exception" that is, where the following requirements are established: (1)

greater than two thirds of the plaintiffs of the member class are from the state in which the complaint was originally filed; (2) at least one defendant is (a) a citizen of the state in which the complaint was originally filed, (b) significant relief is sought against defendant(s) by the plaintiff class, and (c) relief is sought due to defendant's conduct, which forms a significant basis of the claim; (3) the principal injury alleged took place in the state in which the original complaint was filed; and (4) no other similar claim against any defendant by similar persons asserting similar facts has been filed within the preceding three years. 28 U.S.C. §1332(d)(4).

To invoke the local controversy exception, Plaintiff must satisfy all four requirements. Initially, Defendants asserted that the Plaintiff had satisfied only two of the four elements— the two that they argued to be in doubt were whether: (1) the principal injury alleged took place in Massachusetts; and (2) no other similar claim against any of the defendants has been filed against any defendant by similar persons asserting similar facts within the past three years. However, removal of Family Dollar as a party means that the latter requirement is satisfied. Therefore, the only issue before the Court is whether the Plaintiff has established that the "principle injury" element applies. As to this element, the parties essentially apply the same facts, but reach divergent results.

When interpreting the local controversy exception, the court must be mindful that "CAFA's language favors federal jurisdiction over class actions and CAFA's legislative history suggests that Congress intended the local controversy exception to be a narrow one, with all doubts resolved 'in favor of exercising jurisdiction over the case.'" *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163-64 (11th Cir. 2006). The legislative history confirms that the exception was to be construed narrowly:

> The Senate Report on CAFA further states that the local controversy exception:is a narrow exception that was carefully drafted to ensure that it does not become a

jurisdictional loophole. Thus, the Committee wishes to stress that in assessing whether each of these criteria is satisfied by a particular case, a federal court should bear in mind that the purpose of each of these criteria is to identify a truly local controversy-a controversy that uniquely affects a particular locality to the exclusion of all others.

*Id.* (quoting S. Rep. 109-14, at 39, U.S.Code Cong. & Admin. News at 38). The Plaintiff has the burden of proving that the local controversy exception applies. *Id.*, at 1164.

The third element of the "local controversy exception" asks if the principal injury took place within the state where the original complaint was filed. This provision "invokes 'the alleged conduct or any related conduct' in the disjunctive. As such, it is satisfied either 1) when principal injuries resulting from the alleged conduct of each defendant were incurred in the state in which the action was originally filed, 'or' 2) when principal injuries resulting from any related conduct of each defendant were incurred in that state." *Kaufman,* 561 F.3d at 158. In his complaint, Plaintiff alleges that Family Dollar MA has violated the Massachusetts Overtime Law by wrongfully classifying he and other similarly situated persons who worked at Family Dollar Store locations in Massachusetts as "store managers" exempt from overtime. Consequently, I find that "principle injury" alleged took place in Massachusetts. Accordingly, the Plaintiff has satisfied this element of the local controversy exception.

For the reasons set forth above, I find that the Plaintiff has established that the local controversy exception set forth in 28 U.S.C. §1332(d)(4) applies. Therefore, Plaintiff's motion to remand is granted.

## Conclusion

It is hereby Ordered that:

1. Plaintiff's Motion For Leave To Amend Complaint (Docket No. 25) is ***allowed***. The Clerk shall docket Plaintiff's First Amended Complaint Class Action Complaint attached as *Exhibit 1* to its motion; and

2. Plaintiff's Motion To Remand (Docket No. 10) is **_allowed_**.  The case shall be returned to the Worcester Superior Court.


*/s/* **_Timothy S. Hillman_**
TIMOTHY S. HILLMAN
DISTRICT JUDGE